[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Patty Grow, aka Patty Sawyer, appeals the judgment of the Hamilton County Municipal Court convicting her of domestic violence in violation of R.C. 2919.25(A). On appeal, she raises three assignments of error. Because we find none of these assignments well taken, we affirm the trial court's judgment.
In her first and second assignments of error, Grow challenges the weight and sufficiency of the evidence. In her third assignment, Grow contends that the trial court erred in overruling her motion for acquittal under Crim.R. 29. We address these assignments together.
The standard of review for the denial of a Crim.R. 29 motion is the same as the standard of review for sufficiency.[1] To reverse a conviction for insufficient evidence, the reviewing court must be persuaded, after viewing all the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2] To reverse a trial court's decision on the manifest weight of the evidence, the reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[4] In weighing the evidence, the trier of fact is free to believe all, part, or none of any witness's testimony.[5]
Grow was charged with and convicted of domestic violence under R.C.2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." In viewing the evidence in a light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state had sufficiently proved the elements of domestic violence beyond a reasonable doubt.
At trial, the state presented the testimony of Grow's son and a police officer. Grow's son testified that he lived with his mother, that she shoved and pushed him, and that she scratched his arms and wrists. The police officer testified that Grow's son was visibly shaken and upset when he arrived at Grow's home, and that he saw scratches and a bite mark on her son's wrists. During her testimony, Grow denied striking her son or causing him physical harm. She did, however, admit that she had argued with her son and scratched him. Based upon this testimony, the trial court could have reasonably concluded, and did not lose its way in concluding, that Grow had knowingly caused or attempted to cause physical harm to her son. As a result, we overrule Grow's first, second, and third assignments of error.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[4] Id. at 387, 678 N.E.2d at 546-47.
[5] See State v. Hawkins (1993), 66 Ohio St.3d 339, 344, 612 N.E.2d 1227,1231 citing State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.